1  **FREEMAN MATHIS & GARY, LLP**
   MATTHEW S. JONES (State Bar No. 292037)
2  mjones@fmglaw.com
   MARY K. PLANCHET (State Bar No. 341006)
3  Mary.planchet@fmglaw.com
   550 South Hope Street, 22nd Floor
4  Los Angeles, California 90071-2627
   (213) 615-7000; FAX (213) 615-7100
5
   Attorneys for Defendant
6  ACCELERANT SPECIALTY INSURANCE
   COMPANY
7

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  OMNI KING, INC., | Case No. 5:23-cv-00048-SSS (KKx) |
| 12         Plaintiff, | District Judge Sunshine S. Sykes |
|       v. | Magistrate Judge Kenly Kiya Kato |
| 13 | **DEFENDANT ACCELERANT** |
|    ACCELERANT SPECIALTY | **SPECIALTY INSURANCE** |
| 14  INSURANCE COMPANY; SEDGWICK | **COMPANY'S NOTICE OF** |
|    CLAIMS MANAGEMENT SERVICES, | **MOTION AND MOTION TO** |
| 15  INC., and DOES 1-25, | **STRIKE PUNITIVE DAMAGES** |
|    | **FROM PLAINTIFF'S** |
| 16        Defendants. | **COMPLAINT PURSUANT TO** |
|    | **FRCP 12(f) AND MOTION TO** |
| 17 | **DISMISS PLAINTIFF'S BREACH** |
|    | **OF CONTRACT CAUSE OF** |
| 18 | **ACTION PURSUANT TO FRCP** |
|    | **12(b)(6)** |
| 19 | |
|    | [*Filed concurrently with Declaration* |
| 20 | *of Matthew S. Jones; [Proposed]* |
|    | *Order*] |
| 21 | |
|    | Date:  April 7, 2023 |
| 22 | Time: 2:00 p.m. |
|    | Courtroom: 2 |
| 23 | Complaint Filed: November 17, 2022 |
|    | Trial Date: None set |

24  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

25  **PLEASE TAKE NOTICE** that on the above date and time, or as soon

26  thereafter as the parties may be heard, Defendant Accelerant Specialty Insurance

27  Company ("Accelerant") will and hereby does move this Court, located at 3470 12th

28



-1-
DEFENDANT ACCELERANT'S MOTION TO STRIKE PUNITIVE DAMAGES FROM PLAINTIFF'S COMPLAINT AND
MOTION TO DISMISS PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION

Street, Riverside, CA 92501, Courtroom 2, for an Order striking the following portions of Plaintiff Omni King, Inc. ("Plaintiff")'s Complaint ("Complaint"): pursuant to Federal Rule of Civil Procedure 12(f):

1. Page 6, lines 14-17: "In doing the acts described herein, Defendants' conduct was done with a conscious disregard of Plaintiff's rights such as to constitute oppression, fraud, or malice as defined under California Civil Code Section 3294 thus, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants."

2. Page 7, lines 25-28: "In doing the acts described herein, Defendants' conduct was done with a conscious disregard of Plaintiff's rights such as to constitute oppression, fraud, or malice as defined under California Civil Code Section 3294 thus, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants."

3. Page 8, lines 2-6: "WHEREFORE, Plaintiff prays for judgment and relief as follows…(c) Punitive and exemplary damages in an amount appropriate to punish or set an example of defendants…"

Accelerant also moves this Court for an Order Dismissing Plaintiff's Breach of Contract Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's allegations are insufficient to state a claim against Accelerant for Breach of Contract for the following reasons:

1. Plaintiff cannot establish a breach of contract or resulting damage based on Plaintiff's allegation that Accelerant failed to pay Plaintiff under the Policy, as Defendant Sedgwick Claims Management Services ("Sedgwick") paid Plaintiff's claim on January 12, 2023.

2. Because Plaintiff's claim was paid, Plaintiff did not suffer the requisite damages to prevail on a breach of contract cause of action.

3. Since Sedgwick has paid Plaintiff's claim under the Policy and pursuant to



the Policy terms, Plaintiff's Breach of Contract cause of action fails.

Accelerant joins the Motion to Strike Punitive Damages and the Motion to Dismiss Plaintiff's Breach of Contract Cause of Action pursuant to Federal Rule of Civil Procedure 12(f).

This motion is made following the written meet and confer efforts of counsel pursuant to Local Rule 7-3. The parties were unable to resolve the dispute, thus necessitating the instant Motions.

Respectfully submitted,

Dated:  February 17, 2023

**FREEMAN MATHIS & GARY, LLP**

By: _____
Matthew S. Jones, Esq.
Mary K. Planchet, Esq.
Attorneys for Defendant
ACCELERANT SPECIALTY
INSURANCE COMPANY



## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Omni King, Inc. ("Plaintiff") filed this lawsuit against Defendants Accelerant Specialty Insurance Company ("Accelerant") and Sedgwick Claims Management Services, Inc. ("Sedgwick") (collectively, "Defendants"), asserting theories of recovery for (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; and (3) Negligent Misrepresentation. Plaintiff's claims arise out of Plaintiff's allegations of Accelerant's "bad faith" refusal to pay benefits to Plaintiff pursuant to the Vehicle Physical Damages Coverage under Accelerant's insurance policy, and alleged intentional and negligent misrepresentations made by Accelerant's claims adjuster, Sedgwick.

Plaintiff seeks several different forms of relief under its Complaint, including punitive damages for its (1) Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing; and (2) Third Cause of Action for Negligent Misrepresentation. However, Plaintiff fails to plead sufficient facts to support its claim for punitive damages. Instead, the Complaint contains only conclusory allegations that Accelerant acted with a conscious disregard of Plaintiff's rights such as to constitute oppression, fraud, or malice as defined under California Civil Code Section 3294. However, Plaintiff does not allege any ultimate facts that, if true, would show that Accelerant is guilty of malicious, oppressive, or fraudulent conduct, such that Plaintiff does not even satisfy the more liberal pleading standards set forth in the Federal Rules of Civil Procedure, Rules 8 and 9, which govern this matter.

These pleading deficiencies cannot stand. Because Plaintiff has failed to adequately plead its claim for punitive damages, Accelerant respectfully requests that the Court order Plaintiff's claims for punitive damages be stricken from the Complaint, as specifically set forth in Accelerant's Notice of Motion to Strike Portions of Plaintiff's Complaint, as an improper and unsupported claim for relief.



1    Additionally, Plaintiff's cause of action for Breach of Contract fails and should
2    be dismissed. In its Complaint, Plaintiff alleged a "Breach of Contract" cause of
3    action and established the existence of the contract and Plaintiff's performance of the
4    contract. However, Plaintiff cannot establish a breach or resulting damage based on
5    lack of payment under the Policy. Sedgwick paid Plaintiff's claim on January 12,
6    2023.
7    Plaintiff therefore did not suffer the requisite damages to prevail on a breach of
8    contract cause of action. Since Sedgwick has now paid the claim, the breach of
9    contract cause of action fails. There is no breach of contract since the claim was paid
10   under the Policy and pursuant to the Policy terms. Therefore, Accelerant respectfully
11   requests that the Court dismiss the Breach of Contract cause of action.

## II. FACTUAL BACKGROUND

The allegations in the Complaint surround Accelerant's issuing to Plaintiff a Motor Carrier Cargo Legal Liability and Vehicle Physical Damage Insurance Policy, Policy Number S0021PK003058-00 ("Policy"). The Policy provided insurance benefits to Plaintiff in the event a scheduled vehicle was involved in a collision while in transit. Specifically, the Policy provided to pay the insured either the actual cash value of the vehicle or to repair the vehicle, whichever was less, in the event of a collision. Complaint, ¶¶ 9-10.

Plaintiff alleges it paid all premiums due under the Policy and performed all obligations under the Policy. *Id.* at ¶ 11. On June 1, 2022, Plaintiff suffered a loss covered under the Policy. Specifically, a scheduled vehicle, a 2019 Freightliner Tractor/Trailer, VIN No. 3AKJHHDR3KSKE2912, was involved in a collision, sustaining damage that rendered it inoperable. *Id.* at ¶ 12. Plaintiff alleges it timely notified Defendants of the claim and tendered proof of loss as required under the Policy. Plaintiff further alleges it cooperated with the investigation of the claim and provided all documents and information required by Accelerant to properly adjust and pay the claim. *Id.* at ¶ 13.



Finally, Plaintiff alleges Accelerant failed and refused to pay Plaintiff's claim. Plaintiff further alleges Accelerant refused to communicate with Plaintiff and/or advise Plaintiff of the status of the claim and ignored Plaintiff's attempts to obtain information regarding the status of the claim. *Id.* at ¶ 14. However, on January 12, 2023, Sedgwick paid Plaintiff's claim pursuant to the Policy terms. Therefore, Plaintiff's claim that Accelerant failed and refused to pay Plaintiff's claim fails.

Further, Plaintiff fails to allege the requisite facts to support a finding of punitive damages. Particularly, as "support" for its claim for punitive damages, Plaintiff asserts that "Defendants' conduct was done with a conscious disregard of Plaintiff's rights such as to constitute oppression, fraud or malice as defined under California Civil Code Section 3294, thus entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants." *Id.* at ¶¶ 28, 40. However, Plaintiff alleges no facts to support a finding of malice, oppression, or fraud on Accelerant's part.

### III. LEGAL STANDARDS

#### a. Accelerant's Joined Motions to Strike Punitive Damages and Dismiss Plaintiff's Breach of Contract Cause of Action

Federal Rule of Civil Procedure ("FRCP") 12(g)(1) provides that a motion made under Rule 12 may be joined with any other motion allowed by Rule 12. Therefore, Accelerant submits this joined Motion to Strike Punitive Damages from Plaintiff's Complaint and Motion to Dismiss the Breach of Contract Cause of Action from Plaintiff's Complaint.

#### b. Accelerant's Motion to Strike Plaintiff's Request for Punitive Damages

FRCP 12(f)(2) provides that on motion made by a party before responding to the pleading, a court may strike from a pleading any immaterial or impertinent matter. "An 'impertinent' matter consists of statements that do not pertain and are unnecessary to the issues in question." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). A motion to strike is appropriate if a complaint seeks types of relief



that are unrecoverable as a matter of law. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). Specifically, a prayer for punitive damages will be stricken where a party is not entitled to such damages. *Wilkerson*, 229 F.R.D. at 172. As such, Rule 12(f) motions to strike help to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

### c. Accelerant's Motion to Dismiss Plaintiff's Breach of Contract Cause of Action

A defendant may move to dismiss a claim under FRCP 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).

A viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). While the Court generally is limited in its review to the facts alleged in the complaint while reviewing a motion to dismiss, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Monzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts also are not required to accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).



## IV. ARGUMENT

### a. Plaintiff Fails to Allege Requisite Facts to Support an Award of Punitive Damages

Where a complaint seeks punitive or exemplary damages, California Civil Code, section 3294 requires that the plaintiff establish "oppression, fraud, or malice." *Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977). Punitive damage allegations are improper where there are no facts alleged to show that a party acted with malice, oppression, or fraud. *See Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1041-42 (1992).

California Civil Code, section 3294 defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Section 3294 also states that "fraud" means "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Section 3294 provides that "malice" means "conduct which is intended to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights and safety of others." Courts have further indicated that to support a claim for punitive damages, a complaint must contain facts that would indicate ***evil motive*** and intent to injure on the part of defendant. *See Ebaugh v. Rabkin*, 22 Cal. App. 3d 891, 894-95 (1972) (emphasis added); *Cyrus v. Haveson*, 65 Cal. App. 3d 306, 316-17 (1976) (holding that the facts demonstrating defendant's oppression, fraud, or malice must be alleged).

Moreover, under controlling authority, fairness to defendants requires that claims for punitive damages be pled with specificity. *See G.D. Searlen & Co. v. Superior Court*, 49 Cal. App. 3d 22, 29 (1975).

It is not enough to simply plead in a conclusory fashion that defendants acted with oppression, fraud, or malice. *See Cyrus*, 65 Cal. App. 3d at 316-17. Rather, a

-8-
DEFENDANT ACCELERANT'S MOTION TO STRIKE PUNITIVE DAMAGES FROM PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION

plaintiff must specifically state facts illustrating such action on the part of defendants. *See Smithson v. Sparber*, 123 Cal. App. 225, 232 (1932).

Moreover, merely pleading that a defendant acted in "reckless disregard" or made "an error or omission" is not sufficient to sustain a punitive damages claim. *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1354 (N.D. Cal. 1997). In *Jackson*, the court acknowledged that determinations regarding adequacy of pleadings are governed by the FRCP when a federal court exercises diversity jurisdiction. *Id.* at 1353-54. Pursuant to those rules, a pleading need only contain a short and plain statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks, per FRCP 8. *Id.* Therefore, despite Civil Code 3294's requirement that a pleading allege oppression, fraud, or malice, the defendant's conduct may be averred generally. *Id.*

Nevertheless, even under the relaxed FRCP standards, the plaintiff in *Jackson* failed to adequately allege oppression, fraud, or malice because the plaintiff merely alleged the defendants acted with reckless disregard and failed to allege oppression, fraud, or malice that did not satisfy section 3294, either specifically or generally. "Reckless disregard" did not meet the callous or "willful and conscious disregard" standard of section 3294. *Id.* Furthermore, each act was an error or omission, which did not rise to the level of oppression, fraud, or malice. *Id.*

Like the plaintiff in *Jackson*, here, Plaintiff has not properly asserted a claim for fraud, nor has Plaintiff alleged sufficient facts to show "malice" or "oppression" within the meaning of the California statute for punitive damages. The Complaint contains only conclusory allegations to "support" Plaintiff's claim for punitive damages for its (1) Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing; and (2) Third Cause of Action for Negligent Misrepresentation. Therefore, Plaintiff has failed to satisfy the general pleading requirement of FRCP 8, and falls far below satisfying the requirement to allege oppression, malice, or fraud as required by California Civil Code section 3294.

*Jackson* acknowledged analysis of this issue under section 3294, despite being governed by the FRCP with respect to pleading specifications. In that same vein, numerous California cases, dealing with this issue at the pleading stage, provide that a plaintiff must allege facts describing specific conduct that is oppressive, fraudulent, or malicious. *See Monge v. Superior Court*, 176 Cal. App. 3d 503, 511 (1986) (the underlying complaint provided descriptive factual allegations showing that the only ostensible motive for defendants' injurious conduct was to vex, harass, and annoy plaintiffs by subjecting them to an oppressive job environment); *Perkins v. Superior Court*, 117 Cal. App. 3d 1, 5-7 (1981) (the terms "wrongfully and intentionally" and "in retaliation" are not objectionable terms in a pleading when sufficient facts are alleged to support the allegation); *James v. Herbert*, 149 Cal. App. 2d 741, 749-50 (1957) (plaintiff specifically alleged details of fraud and malice in her complaint).

Here, as "support" for its claim for punitive damages, Plaintiff asserts that "Defendants' conduct was done with a conscious disregard of Plaintiff's rights such as to constitute oppression, fraud or malice as defined under California Civil Code Section 3294, thus entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants." See Plaintiff's Complaint at ¶¶ 28, 40. However, Plaintiff alleges no facts to support a finding of malice, oppression, or fraud on Accelerant's part. Plaintiff fails to provide any details as to how Accelerant engaged in any conduct that was malicious, oppressive, or fraudulent. Moreover, Plaintiff has failed to establish any facts that would support an award of punitive damages and has failed to specify which specific conduct of Accelerant is even being referenced. Simply calling a defendant's conduct "fraudulent" does not make it so.

Evidently, the allegations in the Complaint do not constitute the type of extreme despicable conduct, or conduct of such a shocking character requisite for a punitive damages claim. Further, Plaintiff's allegations do not support a claim for punitive damages. Thus, pursuant to Federal Rule of Civil Procedure 12(f), the Court should strike Plaintiff's claims for punitive damages from the Complaint as an



improper and unsupported claim of relief.

### b. Plaintiff's Cause of Action for Breach of Contract Fails Because Sedgwick Paid Plaintiff's Claim Pursuant to the Policy Terms

In its Breach of Contract cause of action, Plaintiff alleges Plaintiff paid all premiums due under the Policy and performed all obligations under the Policy required to be performed by it. See Complaint at ¶ 16. The Policy was in effect on the date of loss. *Id.* Plaintiff further alleges Accelerant breached its contractual duties by failing to pay benefits owed under the Policy. *Id.* at ¶ 17. Finally, Plaintiff alleges that as a result of Accelerant's breach, Plaintiff suffered damages under the Policy and suffered incidental and consequential damages naturally flowing from the breach. *Id.* at ¶¶ 18-19.

To prevail on a cause of action for breach of contract, a plaintiff must prove (1) the contract; (2) the plaintiff's performance of the contract or excuse for nonperformance; (3) the defendant's breach; and (4) the resulting damage to the plaintiff. *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

Here, Plaintiff alleged a "Breach of Contract" cause of action and established the existence of the contract and Plaintiff's performance of the contract. However, Plaintiff cannot establish a breach or resulting damage based on lack of payment under the Policy because Sedgwick paid Plaintiff's claim on January 12, 2023.

Plaintiff therefore did not suffer requisite damages to prevail on a breach of contract cause of action. See *Maxwell v. Fire Ins. Exchange*, 60 Cal. App. 4th 1446, 1447-48 (1998), wherein the trial court held, and the appellate court affirmed, that lack of proof of financial loss other than an alleged delay in payment omitted the "damages" element of the plaintiff's breach of contract cause of action. Here, Plaintiff claims other damages, such as lost wages, but has yet to provide documentation substantiating those damages. Whether the payment by Sedgwick was delayed or unreasonably withheld is a different issue and has no bearing on the breach of contract cause of action.

1  Since Sedgwick has now paid the claim, the breach of contract cause of action fails. There is no breach of contract since the claim was paid under the Policy and all of the Policy terms were complied with by both parties. Therefore, Accelerant respectfully requests that the Court agree to dismiss the Breach of Contract cause of action.

## V. **CONCLUSION**

For the foregoing reasons, Accelerant respectfully requests that the Court grant Accelerant's Motion to Strike Punitive Damages from Plaintiff's Complaint, as specifically set forth in Accelerant's Notice of Motion to Strike Portions of Plaintiff's Complaint, as an improper and unsupported claim for relief. Accelerant also respectfully requests that the Court dismiss Plaintiff's Breach of Contract Cause of Action because Sedgwick paid Plaintiff's claim.

Respectfully submitted,

Dated: February 17, 2023                    **FREEMAN MATHIS & GARY, LLP**

By: _____
Matthew S. Jones, Esq.
Mary K. Planchet, Esq.
Attorneys for Defendant
ACCELERANT SPECIALTY
INSURANCE COMPANY



-12-
DEFENDANT ACCELERANT'S MOTION TO STRIKE PUNITIVE DAMAGES FROM PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION